IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT V. HUNTLEY, | : |
| Petitioner | : |
| | : CIVIL NO. 4:CV-08-925 |
| v. | : (Judge McClure) |
| JAMES MCGRADY, | : |
| Respondent | : |

## MEMORANDUM

May 29, 2008

**Background**

Vincent V. Huntley ("Petitioner"), an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania ("SCI-Retreat"), initiated this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner's request for leave to proceed *in forma pauperis* will be granted for the sole purpose of the filing of his Petition.

Named as Respondent is SCI-Retreat Superintendent James McGrady. The Petition challenges the legality of Huntley's *nolo contendre* plea and sentence in the Dauphin County, Pennsylvania Court of Common Pleas.

By Order dated May 16, 2008, Petitioner was advised, in accordance with

*United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), that (1) he can have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the Court of Appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").  Petitioner was also forewarned that if he elected to withdraw his instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of any such successive petition.

Huntley was provided with a Notice of Election form and directed to notify this Court within forty-five (45) days as to how he wished to proceed in this matter.

On May 28, 2008, Petitioner filed the Notice of Election form wherein he notified this Court that he wishes to withdraw his instant petition for writ of habeas corpus so that he may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one year-year time limit for filing such a petition.[1]  He also acknowledged that the AEDPA statute of limitations might bar the filing of any such successive petition. *See* Record document no. 5.

Based upon an application of the standards announced in *Miller* and *Mason* to Huntley's announced intention that he does not wish to proceed with his present

---

[1] Petitioner is advised that calculation of the one year period in which to file his habeas petition is calculated solely by the criteria established by the AEDPA.

2

petition, this Court is precluded from ruling upon his action as filed.  Consequently, since Huntley has expressed that he does not wish to proceed with his petition, it will be dismissed without prejudice.  An appropriate Order will enter.

                                                          s/ James F. McClure, Jr.  
                                                          JAMES F. McCLURE, JR.  
                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT V. HUNTLEY,                :
                                   :
    Petitioner                     :
                                   : CIVIL NO. 4:CV-08-925
                                   :
    v.                             : (Judge McClure)
                                   :
JAMES MCGRADY,                     :
                                   :
    Respondent                     :

## ORDER

May 29, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's request for leave to proceed *in forma pauperis* is GRANTED for the sole purpose of the filing of this action.

2. The petition for writ of habeas corpus is dismissed, without prejudice to Huntley filing another § 2254 petition raising all grounds for relief from his conviction within the one (1) year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act.

3. The Clerk of Court is directed to CLOSE this case.

4.	There is no basis for the issuance of a Certificate of Appealability.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge